# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID SCOTT KOVEN SR., and ROXANNE DIANE KOVEN,** | ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV373 |
| V. | ) ) | |
| **TODD HAMMOND, Plattsmouth Police Officer, LEROY LEWIS, Plattsmouth Police Officer, DAVID MURDOCH, Plattsmouth Police Chief, ROBERT SORENSON, Plattsmouth Police Officer, ANDREW KENAN, Plattsmouth Police Detective, and DAVID WALKER, Plattsmouth Police Detective,** | ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

Plaintiffs' deadline for serving opposing parties with statements required by Fed. R. Civ. P. 26 was March 29, 2013. (Filing 53.) Approximately two weeks following that deadline, on April 11, 2013, Plaintiffs filed a motion seeking leave to serve Defendants, out of time, statements regarding expert witnesses as required by Fed. R. Civ. P. 26(a)(2). (Filing 54). In support of their motion, Plaintiffs explained that they had difficulty locating and securing experts to testify regarding damages.

On May 6, 2013, Plaintiffs filed an amended motion for leave (filing 55), requesting that the Court grant them an extension until June 17, 2013, to serve Defendants, out of time, their statements regarding expert witnesses as required by Rule 26(a)(2). In their amended motion, Plaintiffs advised that they had disclosed the name of their expert witness, but an expert report has not been provided because Plaintiffs have had difficulty gathering documents to provide to the expert for preparation of the report.

## DISCUSSION

Under Fed. R. Civ. P. 26(a)(2), parties must disclose the identity of any witness who will offer expert evidence at trial and provide a written report containing the witness' opinions "if the witness is one retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2). Under this Court's Progression Order, Plaintiffs' Rule 26(a)(2) disclosures were due on March 29, 2013. (Filing 53.)

A progression schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal quotation and citation omitted). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). When a motion to modify is made after the deadline set in the progression order, the court may extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[T]he determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (quotation and citation omitted).

Plaintiffs claim that they failed to timely disclose their expert witness and provide an expert report because they had difficulty securing an expert and gathering documents to aid the expert in preparing a report. The Court finds these explanations insufficient to warrant modification of the Progression Order. Due to their supposed difficulty in securing an expert and obtaining necessary documents, Plaintiffs were surely aware that they would not be able to meet the expert witness disclosure deadline. Plaintiffs could have sought an extension of the disclosure deadline in advance of its expiration, but they did not do so. Instead, they waited until the deadline had passed to request an extension. Plaintiffs have offered no explanation for their failure to request an extension at an earlier time. Plaintiffs have not demonstrated that modification of the scheduling order is appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Serve Defendants, Out of Time, Statements Regarding Expert Witnesses (filing 54) and Plaintiffs' Amended Motion for Leave to Serve Defendants, Out of Time, Statements Regarding Expert Witnesses Required by Rule 26(a)(2) (filing 55) are denied.

**DATED May 13, 2013.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**