IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID SCOTT KOVEN SR.,** and **ROXANNE DIANE KOVEN,** | ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV373 |
| V. | ) ) | |
| **TODD HAMMOND,** Plattsmouth Police Officer, **LEROY LEWIS,** Plattsmouth Police Officer, **DAVID MURDOCH,** Plattsmouth Police Chief, **ROBERT SORENSON,** Plattsmouth Police Officer, **ANDREW KENAN,** Plattsmouth Police Detective, and **DAVID WALKER,** Plattsmouth Police Detective, | ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

On May 13, 2013, the Court entered an order denying Plaintiffs' two motions requesting leave to serve Defendants, out of time, their statements regarding expert witnesses as required by Fed. R. Civ. P. 26(a)(2). (Filing 57.) In doing so, the Court found that Plaintiffs' explanations for failing to meet the March 29, 2013 expert disclosure deadline, namely, the inability to locate an expert and the documents necessary to complete an expert report, were insufficient to warrant modification of the Progression Order.

Plaintiffs have now filed another motion, again requesting leave to serve Defendants their expert disclosures out of time. (Filing 58.) In support of this motion, Plaintiffs' counsel claims that excusable neglect for modification of the Progression Order exists because he incorrectly calendared the expert disclosure deadline.

A progression schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). Moreover, when a motion to modify is made after the deadline established in the progression order, the court may extend time "if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1). "[T]he determination as to what sort of neglect is

considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (quotation and citation omitted).

As previously held, Plaintiffs have offered insufficient justification for modifying the Progression Order. Under the circumstances here, Plaintiffs' counsel's mistake in calendaring the disclosure deadline does not rise to the level of excusable neglect necessary to warrant modification. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000) (holding that failure to accurately calculate the thirty-day appeal period is not excusable neglect); *Institute for Policy Studies v. U.S.C.I.A.*, 246 F.R.D. 380 (D.D.C. 2007) (finding that defendant's mis-calendaring of a due date did not constitute excusable neglect); *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990) (affirming decision to exclude expert testimony based on plaintiff's failure to timely designate experts where plaintiff's failure to timely designate resulted from a scheduling mistake in counsel's office). Counsel offers no explanation for the mistake in calendaring the due date. And, notably, it was only after the Court denied Plaintiffs' previous motions seeking leave to designate experts out of time that counsel's failure to correctly calendar the due date was brought to the Court's attention. Moreover, granting an extension at this time could result in the need to further modify the Court's final progression schedule, and potentially the November, 2013 trial date, so as to allow time for Defendants to identify responsive expert witnesses. Additionally, from Plaintiffs' current motion, it appears that Plaintiffs are still having difficulty locating documents to aid their expert witness in preparing his report. Plaintiffs have not shown that further delay of this case is warranted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Amended Motion for Leave to Serve Defendants, Out of Time, Statements Regarding Expert Witnesses (filing 58) is denied.

**DATED May 31, 2013.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**