# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID SCOTT KOVEN SR., and ROXANNE DIANE KOVEN,** | ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV373 |
| V. | ) ) | |
| **TODD HAMMOND, Plattsmouth Police Officer, LEROY LEWIS, Plattsmouth Police Officer, DAVID MURDOCH, Plattsmouth Police Chief, ROBERT SORENSON, Plattsmouth Police Officer, ANDREW KENNAN, Plattsmouth Police Detective, and DAVID WALKER, Plattsmouth Police Detective,** | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the Court upon the motion for summary judgment filed by Defendants Todd Hammond, Leroy Lewis, David Murdoch, Robert Sorenson, Andrew Kennan and David Walker (filing 96). For the reasons explained below, Defendants' motion will be denied.

## FACTS

On the evening of June 27, 2009, Mr. Koven was home alone with his two minor children, ages eight and three. Ms. Koven, who was deployed with the Army National Guard, contacted her neighbor, Cindy Burke ("Burke"), and requested that Burke check on her family. Rather than going to the Koven home, Burke contacted police. Burke informed the police that Ms. Koven had advised her that Mr. Koven was suicidal.

Following receipt of Burke's call, Defendant police officers David Murdoch ("Murdoch"), Todd Hammond ("Hammond"), Leroy Lewis ("Lewis") and Robert Sorenson ("Sorenson") traveled to the Koven home. When the officers arrived, they approached Mr.

Koven outside his home and told him that they were there to conduct a health and welfare check. The officers informed Mr. Koven that they received a report that he was suicidal and that they needed to speak with him. Following a series of events during this encounter (many of which are disputed), Mr. Koven was placed in custody. Sorenson transported Mr. Koven to the Lasting Hope mental health facility in Omaha, Nebraska, where he was involuntarily committed for seventeen days.

After Mr. Koven was taken into custody, Lewis entered Plaintiffs' house to supervise Plaintiffs' children until arrangements could be made to put them in foster care. Lewis contends that he was directed by Plaintiffs' daughter, Kristin, to look in the basement laundry room for clean clothes for the children to take to foster care. While in the basement, Lewis, who did not have a warrant to search the home, found potted marijuana plants and what appeared to be a small marijuana growing operation. Lewis informed Murdoch of what he found in the basement. Murdoch then told Lewis to summon Defendants Andrew Kennan ("Kennan") and David Walker ("Walker") to conduct a further search. Plaintiffs deny that Lewis was instructed to look in the basement for clothes and maintain that the officers used Mr. Koven's absence as an opportunity to conduct an unlawful search of the home.

Plaintiffs filed this civil suit on October 5, 2010, alleging that Defendants violated 42 U.S.C. § 1983 by illegally searching their home (Count I); unconstitutionally seizing their children (Count II); unconstitutionally seizing and confining Mr. Koven (Count III) and conspiring to violate their constitutional rights. (Filing 1.)[1] Plaintiffs also alleged that the City of Plattsmouth's policies, practices and customs caused the alleged violations of Plaintiffs' constitutional rights (Count V).

On April 6, 2013, this Court entered an order granting, in part, a motion for summary judgment filed by Defendants. Finding that there was no evidence to support a conspiracy claim, and that the police acted reasonably in taking the children into custody following Mr. Koven's detainment, the Court dismissed Counts II and IV of the Complaint. The Court also found no factual support for Plaintiffs' policies and practices claim and, therefore, dismissed

---

[1] Plaintiffs, while initially represented by counsel, are now proceeding pro se in this case.

the City of Plattsmouth from this action.

Defendants have filed another motion for summary judgment, arguing that Defendants are entitled to qualified immunity.

## DISCUSSION

"Qualified immunity shields government officials from suit unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." *Yowell v. Combs*, 89 F.3d 542, 544 (8th Cir. 1996). "Stated another way, qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information that the defendant possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (internal quotation and citation omitted).

To withstand a motion for summary judgment on qualified immunity grounds, the plaintiff must have "(1) assert[ed] a violation of a constitutional right; (2) demonstrate[d] that the alleged right is clearly established; and (3) raise[d] a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated [the] plaintiff's clearly established right." *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996), *cert. denied,* 519 U.S. 1011, 117 S.Ct. 518, 136 L.Ed.2d 407 (1996)). "[T]he nonmoving party is given the benefit of all relevant inferences at the summary judgment stage." *Smithson*, 235 F.3d at 1061. If a "genuine dispute exists concerning predicate facts material to the qualified immunity issue, the defendant is not entitled to summary judgment on that ground." *Pace v. City of Des Moines*, 201 F.3d 1050, 1056 (8th Cir. 2000).

### A.  Placement of Mr. Koven in Emergency Protective Custody

Mr. Koven complains that Murdoch, Hammond, Lewis, and Sorenson violated his constitutional rights by taking him into emergency protective custody.[2] Contrary to Defendants' assertion, Mr. Koven claims that he was cooperative with the officers when they arrived at his home and that the officers had no reason to place him in custody. Plaintiffs

---

[2] This Court previously dismissed Count III to the extent it was meant to apply to Kennan and Walker because these two defendants were not involved in placing Mr. Koven in custody.

maintain that Ms. Koven did not tell Burke that Mr. Koven was suicidal. Plaintiffs further dispute Defendants' assertions that Ms. Koven informed them that Mr. Koven was suicidal. Based on these disputed facts, the Court is unable to grant Defendants' motion for summary judgment.

A case presenting facts similar to those here is *Bailey v. Kennedy*, 349 F.3d 731 (4th Cir. 2003), a case in which the Fourth Circuit Court of Appeals affirmed the lower court's denial of qualified immunity for an unlawful seizure claim. The officers in *Bailey* argued that they had probable cause to seize Bailey for an emergency mental evaluation based upon a neighbor's report to police that Bailey had told her that he was going to commit suicide. The Fourth Circuit Court of Appeals disagreed, stating "[w]ithout more, the 911 report cannot bear the weight that the officers would place on it. The law does not permit random or baseless detention of citizens for psychological evaluations." *Id*. at 740 (internal quotation and citation omitted). The court found that "the 911 report, viewed together with the events after the police officers arrived, was insufficient to establish probable cause to detain [Bailey] for an emergency mental evaluation." *Id*. at 741. As in *Bailey*, Burke's report to the police could be deemed insufficient to establish probable cause to place Mr. Koven in emergency protective custody, particularly if there was no other indication that Mr. Koven was a threat to himself or others. A genuine issue of fact remains as to whether other circumstances existed which justified the officers' actions.

### B.   Search of Plaintiffs' Home

Plaintiffs allege that Lewis, Kennan and Walker violated their Fourth Amendment rights by unlawfully searching their home without a warrant. Plaintiffs contend that Lewis was not actually looking for clothes while in the basement because their daughter had already packed clothes to take to foster care.

It is well-settled that the Fourth Amendment requires that a warrantless search of the home be supported by consent or by probable cause and exigent circumstances. *United States v. Poe*, 462 F.3d 997, 999 (8th Cir. 2006). Viewing the facts most favorably to Plaintiffs, it could be found that no probable cause or exigent circumstances existed to search Plaintiffs' home without a warrant and that the officers acted unreasonably in doing so.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (filing 96) is denied.

**DATED October 15, 2013.**

                                        **BY THE COURT:**

                                        S/ F.A. Gossett
                                        **United States Magistrate Judge**